# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UGUIMAR FELIPE REZENDE** <br><br> *Petitioner,* <br> v. <br><br> PAMELA BONDI, *in his official capacity as Attorney General Of The United States;* <br><br> KRISTI NOEM, *in her official capacity as Secretary of the Department of Homeland Security;* <br><br> THOMAS BROPHY, *in his official capacity as Field Office Director, Ice Buffalo Field Office;* <br><br> Warden of Buffalo Federal Detention Facility (Batavia, NY) <br><br> *Respondents.* | **Case No.:  To be determined.** <br><br><br> **PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241** |

## I. INTRODUCTION

1.    Petitioner, Uguimar Felipe Rezende (A# 208-748-768), is a native and citizen of Brazil who entered the United States without inspection (EWI) at or near Hidalgo, Texas on December 18, 2015. He is the spouse of a U.S. citizen, Raylla Caroline Reis Matos, and the father of three U.S. citizen children.

2.    On September 15, 2024, U.S. Citizenship and Immigration Services approved the Form I-130 Petition for Alien Relatives filed by Petitioner's U.S. citizen spouse. With this approval, Petitioner became eligible to apply for a Provisional Unlawful Presence Waiver (Form I-601A), a process that requires the termination or dismissal of his removal proceedings so he may complete immigrant visa processing abroad.

3.    Petitioner's removal case before the Chelmsford Immigration Court is currently administratively closed. He intends to move to terminate in light of *Matter of Coronado Acevedo*, 28 I&N Dec. 648 (BIA 2022), which clarified that DHS and the Immigration Courts have authority to terminate proceedings to allow eligible noncitizens to seek provisional waivers.

4.    Despite his pending path to lawful status, Petitioner is currently detained by ICE at Buffalo Federal Detention Facility (Batavia, NY) under the authority of 8 U.S.C. § 1226, according to DHS's own Notice of Custody Determination. His prolonged detention without a bond hearing and the threat of transfer to another jurisdiction are obstructing his ability to pursue lawful immigration relief, maintain access to counsel, and protect his U.S. citizen family's constitutional interests.

5.    Petitioner's U.S. citizen spouse, Raylla Caroline Reis Matos, recently gave birth to twin babies and is currently in the immediate postpartum recovery period under medical restrictions. The couple also has a five-year-old son who relies heavily on his father for emotional and practical support. Petitioner's ongoing detention leaves his wife physically vulnerable and struggling to care for three very young children — including two newborns — during a critical recovery period, creating extraordinary hardship for the entire family.

## II. JURISDICTION AND VENUE

6.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 2241 (the general grant of habeas authority to the district court); 28 U.S.C. § 1331 (federal question jurisdiction); and Art. I § 9, cl. 2 of the U.S. Constitution ("Suspension Clause").

7.    Venue is proper in this District under 28 U.S.C. §§ 1391(e) and 2241(d) because Petitioner is currently detained at the Buffalo Federal Detention Facility in Batavia, New York, which lies within the jurisdiction of the United States District Court for the Western District of New York.

## III. PARTIES

8.      Petitioner, Uguimar Felipe Rezende, is a native and citizen of Brazil currently detained by ICE at the Buffalo Federal Detention Facility in Batavia, New York.

9.      Respondent Pamela Bondi is the Attorney General of the United States. She oversees the immigration court system, which is housed within the Executive Office of Immigration Review (EOIR) and includes all IJs and the Board of Immigration Appeals (BIA). She is sued in her official capacity.

10.      Respondent Kristi Noem is the Secretary of the U.S. Department of Homeland Security (DHS). DHS oversees ICE, which is responsible for administering and enforcing the immigration laws. Secretary Noem is the ultimate legal custodian of Petitioner. She is sued in her official capacity.

11.      Respondent Thomas Brophy is the Field Office Director of the ICE Enforcement and Removal Operations (ERO), Buffalo Field Office. In this capacity, he exercises authority over ICE detention operations within the district, including the Buffalo Federal Detention Facility in Batavia, New York, where Petitioner is currently held. As such, Mr. Brophy is a legal custodian of Petitioner and is named herein in his official capacity.

12.      Respondent Warden of the Buffalo Federal Detention Facility in Batavia, New York, is Petitioner's immediate physical custodian and is named herein in that official capacity.

## IV. FACTUAL BACKGROUND

13.      Petitioner has been in ICE custody since on or about September 29, 2025, and is currently detained at the Buffalo Federal Detention Facility in Batavia, New York. He has resided in the United States since 2015 and has deep ties to Massachusetts, where he lives with his U.S. citizen wife and children. His school, medical, and employment records are also located in Massachusetts, reflecting his long-term presence and integration into the community.

14.     Petitioner's prolonged detention, particularly without an individualized bond hearing, obstructs the preparation of his defense, impedes his access to counsel, and raises serious due-process concerns. The Second Circuit has recognized that detainees must have meaningful access to their attorneys. *See Elkimya v. Dep't of Homeland* Sec., 484 F.3d 151, 154–55 (2d Cir. 2007).

## V. LEGAL ARGUMENT

### A. ICE Transfer Violates Constitutional Rights Under the Fifth Amendment

15.     The Due Process Clause of the Fifth Amendment guarantees not only the right to counsel and access to the courts, but also ensures that noncitizens may not be deprived of meaningful judicial review simply because they entered without a visa. The Supreme Court has long made clear that restrictions on habeas corpus for noncitizens raise serious constitutional concerns. *See INS v. St. Cyr*, 533 U.S. 289, 300–01 (2001) (holding that habeas review remains available as a constitutional safeguard for noncitizens facing removal); *Calcano-Martinez v. INS*, 533 U.S. 348, 350–52 (2001) (same).

16.     The Second Circuit has reaffirmed that habeas corpus is a critical safeguard against unlawful immigration detention, regardless of manner of entry. See *Hechavarria v. Sessions*, 891 F.3d 49, 56–57 (2d Cir. 2018) (recognizing that prolonged ICE detention without adequate process is subject to habeas review); Limiting habeas review solely on manner of entry would raise Suspension Clause concerns and violate the principle that due process protects "all persons" within the United States.

17.     Petitioner entered the United States without a visa and has since built deep and enduring ties to Massachusetts, where he resides with his U.S. citizen spouse — whom he married in Marlborough, Massachusetts, on July 14, 2023 — and their three U.S. citizen children. His pursuit of lawful status is active, supported by the approved Form I-130 Petition for Alien Relative

filed by his spouse. Petitioner now intends to seek termination of his administratively closed removal proceedings in order to apply for a Provisional Unlawful Presence Waiver (Form I-601A) and thereafter complete consular processing for an immigrant visa abroad, consistent with *Matter of Coronado Acevedo*, 28 I&N Dec. 648 (BIA 2022). Despite his eligibility to pursue this relief, his continued detention at the Buffalo Federal Detention Facility without an individualized bond hearing impedes his access to counsel, hinders the litigation of his immigration case, and violates the due process protections guaranteed by the Fifth Amendment.

### B. Unlawful Search, Seizure, and Suppression of Evidence of Removability

18.     In addition to the unlawful detention and threatened transfer described above, Petitioner was subjected to an unconstitutional search and seizure at the time of his arrest by agents of U.S. Immigration and Customs Enforcement (ICE). According to sworn statements from his wife, ICE officers entered the premises where Petitioner was working, without presenting a warrant or probable cause, struck him, forced him to the ground, and deployed a taser without justification or provocation.

19.     The Fourth Amendment, as applied to federal immigration enforcement, protects noncitizens from unreasonable searches and seizures. Where ICE officers effectuate an arrest in flagrant violation of constitutional limits, through warrantless entry, lack of probable cause, or the use of excessive force, courts have recognized that such conduct is "egregious" and triggers suppression of evidence of alienage or removability, *see INS v. Lopez-Mendoza*, 468 U.S. 1032, 1040–41, recognizing suppression as a remedy in immigration proceedings for egregious Fourth Amendment violations, and *Oliva-Ramos v. Attorney General*, 694 F.3d 259, 279–80, holding that evidence must be suppressed when obtained through egregious constitutional violations by ICE.

20.     ICE agents' use of violent, unprovoked physical force also violates the Fifth Amendment's Due Process Clause, which protects all persons from arbitrary and abusive

government conduct. The Supreme Court has made clear that force by federal officers must be objectively reasonable (*Graham v. Connor*, 490 U.S. 386, 394–95) and that civil detainees are protected from objectively unreasonable force under the Due Process Clause (*Kingsley v. Hendrickson*, 576 U.S. 389, 396–97). Government conduct that "shocks the conscience," including grossly excessive force or physical abuse, offends substantive due process. *See Rochin v. California*, 342 U.S. 165, 172–73.

21.     These constitutional violations are not mere technical defects; they go to the heart of Petitioner's removability proceedings. The Supreme Court has recognized that egregious Fourth Amendment violations — especially those involving physical abuse — can require suppression of identity and alienage evidence. *Lopez-Mendoza*, 468 U.S. at 1050. Here, ICE's warrantless and violent arrest lacked probable cause and was carried out with objectively unreasonable force. The resulting evidence of Petitioner's identity and removability, obtained through this unconstitutional seizure, must be suppressed. Without such evidence, Respondents cannot lawfully continue detention or removal proceedings.

22.     Additionally, the unprovoked use of tasers and physical violence violated even DHS's own internal use-of-force policies, which require that force be necessary, proportionate, and deployed only when lesser means are insufficient. While this Court need not defer to agency manuals, *see Loper Bright Enterprises v. Raimondo*, No. 22-451 (U.S. June 28, 2024), such internal guidance further underscores the arbitrariness and unlawfulness of Respondents' conduct.

23.     Because Petitioner's detention stems directly from an unconstitutional search, seizure, and use of force, it is arbitrary, procedurally defective, and substantively unlawful under both the Fourth and Fifth Amendments. This Court should grant the writ of habeas corpus, suppress any evidence of alienage or removability derived from the unlawful arrest, and order Petitioner's immediate release. In the alternative, the Court should require Respondents to provide

an individualized bond hearing within 24 hours, as continued custody based on constitutionally tainted evidence cannot be sustained.

### C. The Court Has Authority to Preserve Jurisdiction and Prevent Mootness

24.     This Court's jurisdiction over this habeas petition is established under 28 U.S.C. § 2241. The Supreme Court has held that habeas jurisdiction lies with the court over the custodian of the detainee. *Rumsfeld v. Padilla,* 542 U.S. 426, 435 (2004).[7] The Second Circuit likewise confirms that jurisdiction rests in the district of confinement. *See Wang v. Ashcroft,* 320 F.3d 130, 140 (2d Cir. 2003); *Hechavarria v. Sessions,* 891 F.3d 49, 56–57 (2d Cir. 2018). This Court may exercise its authority to remedy any unlawful or unduly prolonged detention.

25.     Courts in the Second Circuit apply a familiar four-factor test for preliminary relief. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 34–35 (2d Cir. 2010). Here, each of these factors weighs heavily in Petitioner's favor for the relief of an ordered bond hearing or release.

26.     First, he is likely to succeed on the merits. The Second Circuit has recognized habeas corpus as the proper vehicle to challenge unlawful immigration detention and has affirmed that detainees are entitled to meaningful access to counsel and the courts. *See Hechavarria v. Sessions*, 891 F.3d 49, 56–57 (2d Cir. 2018). Prolonged detention without notice, individualized assessment, or opportunity to object is a clear violation of the Due Process Clause and 28 U.S.C. § 2241.

27.     Second, Petitioner will suffer irreparable harm absent an order for an individualized custody review. The loss of attorney-client access and the disruption to a pending removal case cannot be remedied by money damages, because due process requires a meaningful opportunity to be heard. *See Elkimya v. Dep't of Homeland Sec.*, 484 F.3d 151, 154–55 (2d Cir. 2007). Petitioner's

wife remains in postpartum recovery after delivering twins and caring for a five-year-old alone; the deprivation of spousal support during this medically vulnerable period constitutes immediate and irreparable harm.

28.     Third, the balance of equities tips decidedly in his favor. ICE suffers no prejudice from providing the individualized custody review required by statute, while Petitioner risks losing his only meaningful opportunity to pursue relief. Courts have repeatedly underscored the importance of preserving access to legal process over administrative convenience. *See Rajah v. Mukasey*, 544 F.3d 449, 453–54 (2d Cir. 2008).

29.     Finally, the public interest strongly supports the requested relief. Protecting due process in the immigration-detention context reinforces confidence in the rule of law and ensures judicial oversight of executive detention. By contrast, prolonged detention without a bond hearing undermines those fundamental values. *See Elkimya*, 484 F.3d at 154–55.

30.     2Because every factor favors Petitioner, an order compelling a bond hearing is essential to prevent an unconstitutional abridgment of the right to counsel and access to the courts.

**D. This Court Should Exercise Independent Judicial Interpretation Under *Loper Bright* to Safeguard Petitioner's Rights**

31.     Respondents may argue that internal DHS or EOIR practices permit denial of a bond hearing. That position cannot stand after the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, No. 22-451 (U.S. June 28, 2024). In *Loper Bright*, the Court rejected *Chevron* deference and held that federal courts must exercise their own independent judgment in interpreting the law and "may not defer to an agency interpretation of the law simply because a statute is ambiguous." Agency gloss is entitled only to whatever persuasive value it carries; it is never controlling.[9]

32.     Applied here, *Loper Bright* requires this Court to interpret the governing detention regulations independently. The text of 8 C.F.R. §§ 1003.14 and 1003.20 and the Immigration and Nationality Act (INA) requires an individualized custody determination.

33.     Thus, even if ICE were to rely on its internal practices or agency manuals to justify the denial of a bond hearing, those materials cannot override the plain text of the regulations or this Court's duty to preserve access to counsel and judicial review. *Loper Bright* confirms that this Court must reject deference to nonbinding agency interpretations and instead apply the law as written.

**E. Even if Respondents Invoke *Matter of Yajure Hurtado*, It Does Not Foreclose Habeas Relief and Raises Serious Constitutional Concerns**

34.     Respondents may attempt to rely on *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), which concluded that Immigration Judges lack jurisdiction to conduct bond hearings for certain individuals who entered without inspection and are therefore categorized as "arriving aliens" under INA § 235(b)(2)(A). That decision, however, is both legally flawed and constitutionally suspect.

35.     First, *Yajure Hurtado* is an administrative ruling of the Board of Immigration Appeals. While binding on Immigration Judges, it does not control the scope of this Court's habeas jurisdiction under 28 U.S.C. § 2241. Federal courts retain independent authority to determine whether detention is lawful, and to provide equitable relief when confinement violates statutory or constitutional guarantees. The Suspension Clause and longstanding habeas jurisprudence preserve this Court's power to intervene where detention is prolonged, arbitrary, or unsupported by the statutory framework. See *INS v. St. Cyr*, 533 U.S. 289, 300–01 (2001); *Hechavarria v. Sessions*, 891 F.3d 49, 56–57 (2d Cir. 2018).

36.     Second, the reasoning of *Yajure Hurtado* misinterprets the statutory scheme. INA §
235(b)(2)(A) governs individuals who are "seeking admission" at the border or ports of entry. It
does not extend to long-term residents like Petitioner who have resided in the United States for
decades, who have established family and community ties, and whose cases are actively pending in
Immigration Court. Courts across jurisdictions have rejected the government's attempts to conflate
the "applicant for admission" designation with the present-tense act of "seeking admission." See
*Romero v. Hyde*, 2025 WL 2403827, at *10 (D. Mass. Aug. 19, 2025); *Lopez Benitez v. Francis*,
2025 WL 2371588, at *6 (S.D.N.Y. Aug. 13, 2025); *Martinez v. Hyde*, 2025 WL 2084238, at *6
(D. Mass. July 24, 2025). These authorities confirm that detention in the interior of the United
States falls within the discretionary regime of § 1226, not the mandatory detention regime of §
1225.

37.     Third, even if the BIA's interpretation were accepted, it would raise grave
constitutional concerns. The Fifth Amendment protects all persons in the United States, regardless
of manner of entry, from arbitrary detention. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). By
categorically foreclosing bond hearings for entire classes of noncitizens with longstanding
residence, citizen children, and pending applications for relief, *Yajure Hurtado* effectively
eliminates individualized custody review and shifts the burden entirely onto habeas proceedings.
This outcome not only contradicts congressional intent but also undermines due process, as the
Supreme Court has repeatedly emphasized that "freedom from bodily restraint has always been at
the core of the liberty protected by the Due Process Clause." *Foucha v. Louisiana*, 504 U.S. 71, 80
(1992).

38.     Finally, the decision in *Yajure Hurtado* cannot override this Court's obligation
under *Loper Bright Enterprises v. Raimondo*, No. 22-451 (U.S. June 28, 2024), which rejected
Chevron deference and reaffirmed that courts must independently interpret the law. Agency
interpretations, including those of the BIA, may be given weight only to the extent they are

persuasive, but they cannot control judicial construction of statutes. Here, the plain text of the INA, reinforced by multiple district court decisions, confirms that Petitioner's detention falls under § 1226 and requires a bond hearing.

39.     Accordingly, this Court should reject Respondents' reliance on *Matter of Yajure Hurtado*, recognize its constitutional deficiencies, and hold that Petitioner remains entitled to meaningful custody review under § 1226 and the Due Process Clause.

**F. Statutory Basis for Detention Confirms Petitioner Is Held Under § 1226, Not § 1225.**

40.     The core question in this case is whether Petitioner is detained under 8 U.S.C. § 1225(b)(2), which mandates detention for certain individuals "seeking admission," or under 8 U.S.C. § 1226, which authorizes discretionary detention subject to an individualized bond hearing.

41.     Respondents may argue that Petitioner is subject to § 1225(b)(2)(A), but the record demonstrates otherwise. DHS's own Notice of Custody Determination explicitly states that Petitioner is detained "pursuant to the authority contained in section 236 of the Immigration and Nationality Act," which is codified at 8 U.S.C. § 1226. Courts have consistently found that where DHS cites § 1226 as the detention authority, the government cannot retroactively recharacterize custody as mandatory under § 1225. See *Hernandez Marcelo v. Trump*, No. 3:25-cv-00094-RGE-WPK (S.D. Iowa Sept. 10, 2025) (ordering bond hearing where DHS custody form identified § 1226).

42.     Moreover, the plain text of the INA confirms that mandatory detention under § 1225(b)(2)(A) applies only when several statutory conditions are satisfied. To trigger mandatory detention, the individual must qualify as an "applicant for admission," must also be "seeking admission" to the United States in the present tense, and must be determined by an immigration

officer not to be "clearly and beyond a doubt entitled to be admitted." See *Martinez v. Hyde*, No. CV 25-11613-BEM, 2025 WL 2084238, at *2 (D. Mass. July 24, 2025).

43.     Respondents attempt to collapse the statutory terms "applicant for admission" and "seeking admission" into one category, but courts have rejected this approach. In *Romero v. Hyde*, 2025 WL 2403827, at *10 (D. Mass. Aug. 19, 2025), the court emphasized that "the categories 'applicants for admission' and 'seeking admission' are not coterminous." Similarly, *Lopez Benitez v. Francis*, No. 25 CIV. 5937, 2025 WL 2371588, at 6 (S.D.N.Y. Aug. 13, 2025), explained that if Congress had intended to make all "applicants for admission" subject to § 1225(b)(2)(A), there would have been no reason to separately require that they also be "seeking admission."

44.     This statutory distinction is crucial. "Applicant for admission" is a legal status that may attach to a noncitizen already inside the United States who has not been formally admitted, see 8 U.S.C. § 1225(a)(1), but "seeking admission" refers to the present-tense act of attempting to enter the country. Courts have consistently recognized that individuals like Petitioner—who has resided in the United States for over two decades, has established U.S. citizen family members, and is pursuing relief before the Boston Immigration Court—are not "seeking admission" in the sense required for mandatory detention under § 1225(b)(2)(A). See *Romero*, 2025 WL 2403827, at *10; Martinez*, 2025 WL 2084238, at *6.

45.     The Supreme Court's guidance in *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018), reinforces this framework: "immigration law authorizes the Government to detain certain aliens seeking admission under §§ 1225(b)(1) and (b)(2), and to detain other aliens already in the country under § 1226." Petitioner falls squarely into the latter category.

46.     Accordingly, Petitioner's detention is governed by § 1226, not § 1225(b)(2)(A). As such, the Constitution and statutory law entitle him to an individualized bond hearing within a reasonable time, which this Court should order to occur within seven days of its ruling.

## VI. PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

a. Issue a writ of habeas corpus directing Respondents to show cause why Petitioner's continued detention without an individualized custody determination does not violate the Constitution and laws of the United States;

b. Order Petitioner's immediate release under reasonable conditions of supervision pending resolution of his immigration proceedings;

c. In the alternative, if immediate release is not granted, order Respondents to provide Petitioner with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) within 24 hours of this Court's order;

d. Award reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

e. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted this 3rd day of October, 2025.


Clarissa Moraes Kalil, Esq.
The Law Office of Clarissa M. Kalil
129 Concord St, Suite 1
Framingham, MA 01702
Tel: (857) 218-0400
MO Bar# 71440
MA Bar# 714777
*Counsel for Petitioner*
*(Pro hac vice admission pending)*


*AND*

/s/ Joshua Elliot Bardavid, Esq.
Bardavid Law
277 Broadway, Suite 1501
New York, New York, 10007
Email: josh@bardavidlaw.com
Phone: (212) 219-3244
NY Bar #4129227
*Local Counsel for Petitioner*

## VERIFICATION PURSUANT TO 28 U.S.C. § 2242

I represent Petitioner Uguimar Felipe Rezende (A# 208-748-768), and I submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Respectfully submitted this 3rd day of October, 2025.


Clarissa Moraes Kalil, Esq.
The Law Office of Clarissa M. Kalil
129 Concord St, Suite 1
Framingham, MA 01702
Tel: (857) 218-0400
MO Bar# 71440
MA Bar# 714777
*Counsel for Petitioner*

*(Pro hac vice admission pending)*


AND


/s/ Joshua Elliot Bardavid, Esq.
Bardavid Law
277 Broadway, Suite 1501
New York, New York, 10007
Email: josh@bardavidlaw.com
Phone: (212) 219-3244
NY Bar #4129227
*Local Counsel for Petitioner*

## **CERTIFICATE OF SERVICE**

I, undersigned counsel, hereby certify that on this date, I filed this Petition for Writ of Habeas Corpus and all attachments using the CM/ECF system. My co-counsel will furthermore mail a copy by USPS Certified Priority Mail with Return Receipts to each of the following individuals:

Pamela Bondi, Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Kristi Noem, Secretary
U.S. Department of Homeland Security
c/o DHS Office of the General Counsel
2707 Martin Luther King Jr. Ave, SE
Washington, DC 20528-0485

Thomas Brophy, Field Office Director
ICE Buffalo Field Office
250 Delaware Avenue, Floor 7
Buffalo, NY 14202

Warden of Buffalo Federal Detention Facility
4250 Federal Dr.
Batavia, NY 14020

Respectfully submitted this 3rd day of October, 2025.

Clarissa Moraes Kalil, Esq.
The Law Office of Clarissa M. Kalil
129 Concord St, Suite 1
Framingham, MA 01702
Tel: (857) 218-0400
MO Bar# 71440
MA Bar# 714777
*Counsel for Petitioner*

*(Pro hac vice admission pending)*

AND

/s/ Joshua Elliot Bardavid, Esq.
Bardavid Law
277 Broadway, Suite 1501
New York, New York, 10007
Email: josh@bardavidlaw.com
Phone: (212) 219-3244
NY Bar #4129227
*Local Counsel for Petitioner*

JS 44  (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

UGUIMAR FELIPE REZENDE (A#208-748-768)

**(b)** County of Residence of First Listed Plaintiff   Middlesex
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Joshua Elliot Bardavid, Esq., Bardavid Law,
277 Broadway, Suite 1501, New York, NY 10007. Tel. (212) 219-3244

Clarissa M. Kalil, Esq., Law Offices of Clarissa M. Kalil, PLLC
129 Concord St., Suite 1, Framingham, MA 01702. Tel. (857) 218-0400

## DEFENDANTS

Pamela Bondi, Attorney general of the U.S. (Official Capacity); Kristi Noem, Secretary of DHS (Official Capacity); Thomas Brophy, Field Officer Director, ICE Buffalo Field Office (Official Capacity); Warden of Buffalo Federal Detention Facility (Batavia, NY)

County of Residence of First Listed Defendant   U.S. Government
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☒ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                  *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | ☐ 690 Other | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **INTELLECTUAL** | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☒ 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 2241 – Petition for Writ of Habeas Corpus (Immigration Detention)

Brief description of cause:
Immigration habeas petition challenging ICE detention and seeking release/stay of transfer.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
N/A

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
10/02/2025

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INDEX OF EXHIBITS AND DOCUMENTS

**Exhibit**                                                                                      **Page**

A.  Approval notice for Form I-130, Petition for Alien Relative, issued by U.S. Citizenship and Immigration Services on September 15, 2024, confirming approval of the petition filed by Petitioner's U.S. citizen spouse and showing current case status.;........................................................................................................ 03

B.  Certificate of naturalization of Raylla Caroline Reis Matos, Petitioner's U.S. citizen spouse.;........................................................................................... 06

C.  Marriage certificate of Uguimar Felipe Rezende and Raylla Caroline Reis Matos, issued by the City of Marlborough, Middlesex County, Massachusetts, documenting their lawful marriage on July 14, 2023.;................…………………09

D.  Birth certificates of the three U.S. citizen children of Petitioner and Raylla Caroline Reis Matos, establishing their U.S. citizenship and parental relationship to Petitioner.;….……………………………………………………………………….11

E.  Printout from the Executive Office for Immigration Review's Automated Case Information System (ACIS) showing that Petitioner's removal proceedings before the Boston Immigration Court are administratively closed.;…………………………....16

F.  Photographs showing ICE officers entering the house where Petitioner was working and detaining him on September 29, 2025.;………………………………….………..20





| Receipt Number | | | Case Type |
|---|---|---|---|
| IOE0921627211 | | | I130 - PETITION FOR ALIEN RELATIVE |
| Received Date | | Priority Date | Petitioner   A062 828 408 |
| 07/28/2023 | | 07/28/2023 | REIS MATOS, RAYLLA CAROLINE |
| Notice Date | | Page | Beneficiary   A208 748 768 |
| 09/11/2024 | | 1 of 1 | REZENDE, UGUIMAR FELIPE |

| | |
|---|---|
| REIS MATOS, RAYLLA CAROLINE<br>46 FREMONT ST<br>MARLBOROUGH  MA  01752 | **Notice Type:** Approval Notice<br>Section: Husband or wife of U.S Citizen, 201(b)<br>INA |

We have mailed an official notice about this case (and any relevant documentation) according to the mailing preferences you chose on Form G-28, Notice of Entry of Appearance as Attorney or Accredited Representative. **This is a courtesy copy, not the official notice.**

**What the Official Notice Said**

The above petition has been approved. As the petitioner requests, we have sent the petition to the U.S. Department of State National Visa Center (NVC), 32 Rochester Avenue, Portsmouth, NH 03801-2909. The NVC processes all approved immigrant visa petitions that need consular action, including the collection of necessary forms and documents. It also determines which consular post is appropriate to complete visa processing. The NVC will then transfer the approved petition to the consular post once processing has been completed and an interview has been scheduled at the Embassy or Consulate.

The NVC will contact the beneficiary of this petition with further information about immigrant visa processing steps.

You should allow a minimum of 45 days for U.S. Department of State processing before contacting the NVC. If you have not received any correspondence from NVC within 45 days, you may contact the NVC at https://nvc.state.gov/inquiry.

For more information about NVC processing, please visit https://nvc.state.gov.

**THIS NOTICE IS NOT A VISA AND MAY NOT BE USED IN PLACE OF A VISA.**

**NOTICE:** Although this application or petition has been approved, USCIS and the U.S. Department of Homeland Security reserve the right to verify this information before and/or after making a decision on your case so we can ensure that you have complied with applicable laws, rules, regulations, and other legal authorities. We may review public information and records, contact others by mail, the internet or phone, conduct site inspections of businesses and residences, or use other methods of verification. We will use the information obtained to determine whether you are eligible for the benefit you seek. If we find any derogatory information, we will follow the law in determining whether to provide you (and the legal representative listed on your Form G-28, if you submitted one) an opportunity to address that information before we make a formal decision on your case or start proceedings.

Please see the additional information on the back. You will be notified separately about any other cases you filed.

**USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.**

Nebraska Service Center
U.S. CITIZENSHIP & IMMIGRATION SVC
P.O. Box 82521
Lincoln NE 68501-2521

**USCIS Contact Center: www.uscis.gov/contactcenter**



An official website of the United States government    Here's how you know          Español   ⊕ Multilingual Resources

**U.S. Citizenship and Immigration Services**

MENU

# Case Status Online

## Case Was Sent To The Department of State

On September 15, 2024, we sent your case, Receipt Number IOE0921627211, to the Department of State for visa processing. You can find general information on Consular Processing by visiting our website at www.uscis.gov . The website will provide information on what to do next, who to contact, and how to inform us of any changes in your situation or address.

Enter Another Receipt Number  ❓

```
EAC1234567890
```

Check Status

Already have an Account? Login

Create an Account? Sign up

DHS PRIVACY NOTICEPAPERWORK REDUCTION ACT

## Related Tools

### Change of Address

04

# B

# THE UNITED STATES OF AMERICA



No. 43426763

## CERTIFICATE OF NATURALIZATION

*Personal description of holder as of date of naturalization:*

*Date of birth:* **OCTOBER 12, 1997**

*Sex:* **FEMALE**

*Height:* **5** *feet* **03** *inches*

*Marital status:* **SINGLE**

*Country of former nationality:*
**BRAZIL**



ALTERATION OR MISUSE OF THIS DOCUMENT IS
A FEDERAL OFFENSE AND PUNISHABLE BY LAW

*USCIS Registration No.* **A062 828 408**

*I certify that the description given is true, and that the photograph affixed hereto is a likeness of me.*

*Raylla Matos*
(Complete and true signature of holder)

*Be it known that, pursuant to an application filed with the Secretary of Homeland Security*

*at:* **LAWRENCE, MASSACHUSETTS**

*The Secretary having found that:*

**RAYLLA CAROLINE REIS MATOS**

*residing at:*

**MARLBOROUGH, MASSACHUSETTS**

*having complied in all respects with all of the applicable provisions of the naturalization laws of the United States, being entitled to be admitted as a citizen of the United States, and having taken the oath of allegiance at a ceremony conducted by*

**U.S. CITIZENSHIP AND IMMIGRATION SERVICES**

*at:* **LAWRENCE, MASSACHUSETTS**   *on:* **FEBRUARY 11, 2023**

*such person is admitted as a citizen of the United States of America.*

*U. M. Jaddo*
*U. S. Citizenship and Immigration Services*

## DEPARTMENT OF HOMELAND SECURITY

FORM N-550 (REV. 10/17)

06



C

CERTIFICATE OF VITAL RECORD
VERIFY PRESENCE OF WATERMARK    HOLD TO LIGHT TO VIEW

## The Commonwealth of Massachusetts

# City of Marlborough
# Certificate of Marriage

CT 5103423



Record Number: 23-0110

Place of Marriage: SUDBURY, MA

Date of Marriage: JULY 13, 2023

### Party A

Name: UGUIMAR FELIPE REZENDE

Surname after Marriage: REZENDE

Residence: 46 FREMONT STREET, MARLBOROUGH, MA

Age: ----- 	Date of Birth: OCTOBER 21, 1994

Occupation: CARPENTER

Place of Birth: BELO HORIZONTE, BRAZIL

Name of Father/Parent: CELIO REZENDE PACHECO

Name of Mother/Parent: EFIGENIA APARECIDA F. REZENDE (FELIPE)

Number of Marriage: FIRST 	Widowed or Divorced: -----

### Party B

Name: RAYLLA CAROLINE REIS MATOS

Surname after Marriage: REIS MATOS

Residence: 46 FREMONT STREET, MARLBOROUGH, MA

Age: ----- 	Date of Birth: OCTOBER 12, 1997

Occupation: BANKER

Place of Birth: BELO HORIZONTE, BRAZIL

Name of Father/Parent: RONY DA SILVA MATOS

Name of Mother/Parent: ADRIANA MARIA REIS MATOS (REIS)

Number of Marriage: FIRST 	Widowed or Divorced: -----

Marriage solemnized by (Name, Official Station and Residence): STEPHANIE MARTINS, JUSTICE OF THE PEACE
59 LEXINGTON STREET, EVERETT, MA 02149

Date of Record: JULY 13, 2023

Witness my hand and the SEAL of the CITY of MARLBOROUGH: July 14, 2023

*I, the undersigned, hereby certify that I am the Clerk of the City of Marlborough; that as such I have custody of the records of birth, marriage, and death required by law to be kept in my office; and I do hereby certify that the above is a true copy from said records in said City, as certified by me.*



City Clerk
City of Marlborough

VOID WITHOUT WATERMARK OR IF ALTERED OR ERASED

ILLEGAL TO ALTER OR REPRODUCE

VOID IF ALTERED OR ERASED

09

# D

VERIFY PRESENCE OF WATERMARK          HOLD TO LIGHT TO VIEW

# The Commonwealth of Massachusetts

CT 3144259



Commonwealth of Massachusetts
Registry of Vital Records and Statistics
RECORD OF BIRTH

07012019

REGISTERED NUMBER:  363
STATE FILE NUMBER:  024344

**CHILD**

NAME:  **ALEXANDER   MATOS   REZENDE**
SEX:  **MALE**            PLURALITY:  **SINGLE**
DATE OF BIRTH:  **MAY 14, 2020**      TIME:  **11:53 AM**
PLACE OF BIRTH:  **FRAMINGHAM, MASSACHUSETTS**

**PARENT**

NAME:  **RAYLLA CAROLINE REIS MATOS**
SURNAME AT BIRTH OR ADOPTION:  **MATOS**
BIRTHPLACE:  **BELO HORIZONTE, MINAS GERAIS, BRAZIL**
DATE OF BIRTH:  **OCTOBER 12, 1997**

**PARENT**

NAME:  **UGUIMAR FELIPE REZENDE**
SURNAME AT BIRTH OR ADOPTION:  **REZENDE**
BIRTHPLACE:  **BELO HORIZONTE, MINAS GERAIS, BRAZIL**
DATE OF BIRTH:  **OCTOBER 21, 1994**

AT-BIRTH RESIDENCE:      **MARLBOROUGH, MASSACHUSETTS**

DATE OF RECORD:          **JUNE 09, 2020**

DATE ISSUED:  **JUNE 23, 2020**

*I, the undersigned, hereby certify that I am the Clerk of the City of Marlborough; that as such I have custody of the records of birth, marriage, and death required by law to be kept in my office; and I do hereby certify that the above is a true copy from said records, as held in the Commonwealth's central vital records information repository.*

*Clerk*
City of Marlborough



VOID WITHOUT WATERMARK OR IF ALTERED OR ERASED

PASSPORT
PASSEPORT / PASAPORTE

# THE UNITED STATES OF AMERICA

USA

| Type/Type/Tipo | Code/Code/Código | Passport No./No. du Passeport/No. de Pasaporte |
|---|---|---|
| P | USA | A50833871 |

Surname/Nom/Apellidos
**REZENDE**

Given names/Prénoms/Nombres
**ALEXANDER MATOS**

Nationality/Nationalité/Nacionalidad
**UNITED STATES OF AMERICA**

Date of birth/Date de naissance/Fecha de nacimiento
**14 MAY 2020**

Sex/Sexe/Sexo
**M**

Place of birth/Lieu de naissance/Lugar de nacimiento
**MASSACHUSETTS, U.S.A.**

Date of issue/Date de délivrance/Fecha de expedición
**31 JAN 2025**

Date of expiration/Date d'expiration/Fecha de caducidad
**30 JAN 2030**

Authority/Autorité/Autoridad
**UNITED STATES DEPARTMENT OF STATE**

P<USAREZENDE<<ALEXANDER<MATOS<<<<<<<<<<<<<<<
A508338711USA2005146M3001307730154810<411872

12



# SAINT VINCENT HOSPITAL

*The following information is being provided from hospital records and is not a legal birth certificate.*

## HOSPITAL RECORDS INDICATE THAT THE FOLLOWING CHILD:

**ELIZABETH MATOS REZENDE**

### WAS BORN AT
**SAINT VINCENT HOSPITAL**
ON AUGUST 25, 2025 AT 10:20 AM

SEX OF CHILD: FEMALE

BIRTH CERTIFIER: LIYI PANG
CERTIFIER TITLE: MD

PARENT INFORMATION:

       NAME:RAYLLA CAROLINE ---- REIS MATOS
       SURNAME AT BIRTH OR ADOPTION: REIS MATOS
       DATE OF BIRTH: OCTOBER 12, 1997
       BIRTHPLACE: BELO HORIZONTE, MINAS GERAIS, BRAZIL
       RESIDENCE: 46 FREMONT STREET, MARLBOROUGH, MA 01752

       NAME: UGUIMAR FELIPE REZENDE
       SURNAME AT BIRTH OR ADOPTION: REZENDE
       DATE OF BIRTH: OCTOBER 21, 1994
       BIRTHPLACE: BELO HORIZONTE, MINAS GERAIS, BRAZIL
       RESIDENCE: 46 FREMONT STREET, MARLBOROUGH, MA 01752

AT THE REQUEST OF THE PARENT(S), A SOCIAL SECURITY NUMBER FOR THE CHILD WAS
APPLIED FOR AND TRANSMITTED BY THIS FACILITY.

_Laurin Brat_
BIRTH REGISTRAR



*The following information is being provided from hospital records and is not a legal birth certificate.*

---

HOSPITAL RECORDS INDICATE THAT THE FOLLOWING CHILD:

**ANTHONY MATOS REZENDE**

WAS BORN AT

**SAINT VINCENT HOSPITAL**

ON AUGUST 25, 2025 AT 10:18 AM

---

SEX OF CHILD: MALE

BIRTH CERTIFIER: LIYI PANG
CERTIFIER TITLE: MD

PARENT INFORMATION:

      NAME:RAYLLA CAROLINE --- REIS MATOS
      SURNAME AT BIRTH OR ADOPTION: REIS MATOS
      DATE OF BIRTH: OCTOBER 12, 1997
      BIRTHPLACE: BELO HORIZONTE, MINAS GERAIS, BRAZIL
      RESIDENCE: 46 FREMONT STREET, MARLBOROUGH, MA 01752

      NAME: UGUIMAR FELIPE REZENDE
      SURNAME AT BIRTH OR ADOPTION: REZENDE
      DATE OF BIRTH: OCTOBER 21, 1994
      BIRTHPLACE: BELO HORIZONTE, MINAS GERAIS, BRAZIL
      RESIDENCE: 46 FREMONT STREET, MARLBOROUGH, MA 01752

AT THE REQUEST OF THE PARENT(S), A SOCIAL SECURITY NUMBER FOR THE CHILD WAS
APPLIED FOR AND TRANSMITTED BY THIS FACILITY.

*Laurie Bent*
BIRTH REGISTRAR

---

WORCESTER MEDICAL CENTER
123 SUMMER STREET · WORCESTER, MA 01608
(508) 363-5000 · TOLL FREE: (877) 633-2368 · STVINCENTHOSPITAL.COM

# E

 An official website of the United States government
Here's how you know

 **EOIR**   Automated Case Information

---

**Court Closures Today**  October 2, 2025

Please check https://www.justice.gov/eoir-operational-status for up to date closures.

Home  >  **FELIPE-REZENDE, UGUIMAR (208-748-768)**



# Automated Case Information

## Name: FELIPE–REZENDE, UGUIMAR | A–Number: 208–748–768

 **Next Hearing Information**



*There are no future hearings for this case.*

 **Court Decision and Motion Information**

16

The immigration judge issued an **ADMINISTRATIVE DECISION**.

**DECISION DATE**

November 18, 2024

**COURT ADDRESS**

150 APOLLO DRIVE, SUITE 100

CHELMSFORD, MA 01824

---

 **BIA Case Information**

No appeal was received for this case.

---

 **Court Contact Information**

If you require further information regarding your case, or wish to file additional documents, please contact the immigration court.

**COURT ADDRESS**

150 APOLLO DRIVE, STE 100

CHELMSFORD, MA 01824

**PHONE NUMBER**

(978) 497-9000

Archive

Accessibility

Information Quality

Privacy Policy

Legal Policies & Disclaimers
Social Media

Budget & Performance

Office of the Inspector General

No FEAR Act

For Employees
EOIR Freedom of Information Act (FOIA)

USA.gov

Contact EOIR

EOIR Home

Justice.gov
Immigration Court Online Resource

Contact Technical Support

This site is protected by hCaptcha:

hCaptcha Privacy Policy

hCaptcha Terms of Service

---

Department of Justice | Executive Office for Immigration Review
*5107 Leesburg Pike, Suite 2600, Falls Church, VA 22041*

 **EOIR**   Automated Case Information

# F







