UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UGUIMAR FELIPE REZENDE** ) ) ) ) ) *Petitioner,* ) v. ) ) PAMELA BONDI, *in her official capacity as Attorney General of The United States;* ) ) ) KRISTI NOEM, *in her official capacity as Secretary of the Department of Homeland Security;* ) ) ) ) THOMAS BROPHY, *in his official capacity as Field Office Director, Ice Buffalo Field Office;* ) ) ) Warden Of Buffalo Federal Detention Facility (Batavia, NY); ) ) ) ) ) *Respondents.* ) ) | **Case No.: To be determined.** |

**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION PURSUANT TO FED. R. CIV. P. 65 AND LOCAL RULE OF CIVIL PROCEDURE 65**

### I.   INTRODUCTION

1.   Petitioner Uguimar Felipe Rezende respectfully moves this Court for an emergency Temporary Restraining Order (TRO) and preliminary injunction under Federal Rule of Civil Procedure 65 and Local Rule 65.

2.      Petitioner is a long-term resident of Massachusetts with a U.S. citizen spouse and three U.S. citizen children. He was violently arrested by ICE agents without a warrant or probable cause, subjected to excessive force, and is now detained at the Buffalo Federal Detention Facility. The arrest was unconstitutional, the resulting evidence of removability is tainted, and his continued detention — without an individualized bond hearing — violates both the Fourth and Fifth Amendments.

3.      Petitioner seeks immediate judicial protection: release from custody, or, if release is not ordered, an individualized bond hearing within 24 hours to test the legality of his continued detention. Emergency relief is necessary to preserve this Court's jurisdiction, protect Petitioner's constitutional rights, and prevent further irreparable harm caused by his unlawful seizure and ongoing detention.

## II.     STATEMENT OF FACTS

4. Petitioner entered the United States without a visa in 2015 and has since built deep and enduring ties to Massachusetts, where he lives with his U.S. citizen spouse, married in Marlborough, Middlesex County, Massachusetts, on July 14, 2023, and their three U.S. citizen children.

5. On September 15, 2024, U.S. Citizenship and Immigration Services approved the Form I-130 Petition for Alien Relative filed by his spouse. With this approval, Petitioner became eligible to apply for a Provisional Unlawful Presence Waiver (Form I-601A) and thereafter complete consular processing for an immigrant visa abroad, consistent with *Matter of Coronado Acevedo*, 28 I&N Dec. 648.

6. Despite his strong equities and clear path to lawful status, Petitioner was arrested by ICE agents without a warrant or probable cause and subjected to excessive force, including being struck, thrown to the ground, and tased while non-resistant. He was then placed in custody at the Buffalo Federal Detention Facility.

7. His detention is classified by DHS under 8 U.S.C. § 1226, which provides discretionary custody and requires an individualized bond hearing. No such hearing has been provided.

8. The unlawful arrest and ongoing detention impede Petitioner's ability to consult with counsel and pursue termination of his immigration case to seek the I-601A waiver. Without immediate judicial intervention, he faces prolonged unconstitutional confinement and the risk of removal proceedings built on unlawfully obtained evidence.

### III.   LEGAL STANDARD

9. A temporary restraining order and a preliminary injunction may be issued when the moving party demonstrates a likelihood of success on the merits, or at least raises serious questions going to the merits together with a balance of hardships tipping decidedly in the movant's favor. The movant must also establish that irreparable harm will occur absent relief, that the balance of equities favors the requested injunction, and that the public interest would not be disserved by granting such relief. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 34–35 (2d Cir. 2010). In addition, Local Rule 65 requires the moving party to certify efforts made to notify the opposing party and to demonstrate that immediate and irreparable injury will result if relief is not granted.

## IV. ARGUMENT

**A. Jurisdiction Vests at Filing and Cannot Be Defeated by Transfer**

10. Habeas jurisdiction attaches upon filing and cannot be nullified by post-filing transfer, *see Ex parte Mitsuye Endo*, 323 U.S. 283, 306; *Rumsfeld v. Padilla*, 542 U.S. 426, 440; *Wang v. Ashcroft*, 320 F.3d 130, 140; *Munaf v. Geren*, 553 U.S. 674, 691. If ICE were permitted to move Petitioner out of this District, it would undermine this Court's authority and allow the government to evade judicial review.

**B. Arrest Was Unconstitutional and Evidence Must Be Suppressed**

11. The Fourth Amendment protects noncitizens from unreasonable searches and seizures, and courts suppress evidence obtained through egregious constitutional violations, *see INS v. Lopez-Mendoza*, 468 U.S. 1032, 1040–41; *Oliva-Ramos v. Attorney General*, 694 F.3d 259, 279–80.

12. ICE agents here lacked a warrant and probable cause and used objectively unreasonable force, including striking and tasering a nonviolent individual. Such conduct violates both the Fourth Amendment and the Fifth Amendment's Due Process Clause, *see Graham v. Connor*, 490 U.S. 386, 394–95; *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97; *Rochin v. California*, 342 U.S. 165, 172–73.

13. Because the government's case for detention and removal is tainted by this unconstitutional arrest, the evidence of alienage and removability should be suppressed. Without admissible evidence, detention cannot lawfully continue.

**C. Petitioner Is Likely to Succeed on the Merits of His Habeas Petition**

14. DHS's own custody determination confirms that Petitioner is held under § 1226, entitling him to an individualized bond hearing. Courts have rejected attempts to recharacterize custody to avoid habeas review, *see Romero v. Hyde*, 2025 WL 2403827, at 10; *Martinez v. Hyde*, 2025 WL 2084238, at 2.

15. Agency decisions such as *Matter of Yajure Hurtado*, 29 I&N Dec. 216, cannot override habeas jurisdiction. Under *Loper Bright Enterprises v. Raimondo*, No. 22-451 (U.S. June 28, 2024), courts must interpret detention statutes independently and without Chevron deference.

**D. Irreparable Harm Is Certain and Imminent**

16. If ICE transfers Petitioner away from this District, his access to retained counsel will be severely disrupted, jeopardizing his habeas claims and his pending immigration relief. Courts have held that interference with counsel and mooting of habeas rights are irreparable harms, *see Elkimya v. Department of Homeland Security*, 484 F.3d 151, 154–55; *Hechavarria v. Sessions*, 891 F.3d 49, 56–57.

**E. Balance of Equities and Public Interest Favor Injunctive Relief**

17. Preventing transfer and requiring lawful custody review imposes minimal burden on the government but protects fundamental constitutional rights. Preserving access to counsel and the writ of habeas corpus outweighs administrative convenience, *see Rajah v. Mukasey*, 544 F.3d 449, 453–54; *St. Cyr*, 533 U.S. 289, 301. The public interest strongly supports preventing arbitrary detention and ensuring judicial oversight.

## V. COMPLIANCE WITH LOCAL RULE 65

18. Counsel certifies that reasonable efforts have been made to notify the United States Attorney's Office for the Western District of New York of this motion and to confer regarding the relief requested. Given ICE's immediate post-filing transfer and the ongoing prejudice to Petitioner's counsel access and judicial review, emergency relief is necessary and cannot await full briefing.

## VI. PRAYERS FOR RELIEF

Petitioner respectfully requests that the Court:

1. Immediately RESTRAIN AND ENJOIN Respondents, their officers, agents, employees, and all persons acting in concert with them, from removing or deporting Petitioner from the United States and from transferring him outside the Western District of New York without prior leave of Court;

2. ORDER Respondents to RETURN Petitioner forthwith to the Buffalo Federal Detention Facility, or to another appropriate facility within this District, so that this Court may exercise the jurisdiction that attached at filing;

3. Schedule an expedited hearing to convert this TRO into a preliminary injunction; and

4. Grant such other and further relief as the Court deems just and proper, including sanctions or contempt if Respondents fail to comply.

Respectfully submitted this 2nd day of October, 2025.

*[signature]*
Clarissa Moraes Kalil, Esq.
The Law Office of Clarissa M. Kalil
129 Concord St, Suite 1
Framingham, MA 01702
Tel: (857) 218-0400
MO Bar# 71440
MA Bar# 714777
*Counsel for Petitioner*
*(Pro hac vice admission)*

AND

_____
Joshua Elliot Bardavid, Esq.
Bardavid Law
277 Broadway, Suite 1501
New York, New York, 10007
Email: josh@bardavidlaw.com
Phone: (212) 219-3244
NY Bar #4129227
*Local Counsel for Petitioner*

CERTIFICATE OF SERVICE

I, the undersigned counsel, hereby certify that on this date I filed the foregoing Emergency Motion for Temporary Restraining Order and Preliminary Injunction, together with all supporting attachments, through the Court's CM/ECF electronic filing system, which automatically sends notice of filing to all registered counsel of record.

In addition, my co-counsel will serve a copy of this filing by United States Postal Service Certified Mail, with Return Receipt Requested, upon the following parties:

Pamela Bondi, Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Kristi Noem, Secretary of the Department of Homeland Security
c/o DHS Office of the General Counsel
2707 Martin Luther King Jr. Ave, SE
Washington, DC 20528-0485

Thomas Brophy, Field Office Director
ICE Buffalo Field Office
250 Delaware Avenue, Floor 7
Buffalo, NY 14202

Warden
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, NY 14020

Respectfully submitted this 3rd day of October, 2025.

*[SIGNATURE ON THE FOLLOWING PAGE]*

*[signature]*
Clarissa Moraes Kalil, Esq.
The Law Office of Clarissa M. Kalil
129 Concord St, Suite 1
Framingham, MA 01702
Tel: (857) 218-0400
MO Bar# 71440
MA Bar# 714777
*Counsel for Petitioner*
*(Pro hac vice admission)*

*AND*

_____
Joshua Elliot Bardavid, Esq.
Bardavid Law
277 Broadway, Suite 1501
New York, New York, 10007
Email: josh@bardavidlaw.com
Phone: (212) 219-3244
NY Bar #4129227
*Local Counsel for Petitioner*

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UGUIMAR FELIPE REZENDE**<br><br>*Petitioner,*<br>v.<br><br>PAMELA BONDI, Et. Al<br><br>*Respondents.* | Case No.: 1:25-cv-00867 |

## PROPOSED ORDER

Upon consideration of Petitioner Uguimar Felipe Rezende's Emergency Motion for Temporary Restraining Order and Preliminary Injunction, and for good cause shown, it is hereby:

ORDERED that Respondents, their officers, agents, employees, and all persons acting in concert with them, are immediately RESTRAINED and ENJOINED from transferring Petitioner, UGUIMAR FELIPE REZENDE (A# 208-748-768), outside the jurisdiction of the United States District Court for the Western District of New York without prior leave of this Court; and it is further

ORDERED that Respondents shall IMMEDIATELY RELEASE Petitioner under reasonable conditions of supervision, or, in the alternative, shall PROVIDE Petitioner with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) within 24 hours of this Order; and it is further

ORDERED that this Temporary Restraining Order shall remain in effect until further order of the Court or until the Court holds a hearing and rules on Petitioner's request for a preliminary injunction.

SO ORDERED.


Dated: _____, 2025                                  _____
Buffalo, New York                                        United States District Judge