UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UGUIMAR FELIPE REZENDE,

Petitioner,

-vs-

PAMELA BONDI, *et al.*,

Respondents.

DECISION AND ORDER

6:25-CV-6538-MAV

---

## INTRODUCTION

This matter is now before the Court on an application by counsel for Petitioner Uguimar Felipe Rezende ("Petitioner") for the award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). ECF No. 22. Respondents have challenged Plaintiff's application, arguing that Plaintiff is not entitled to fees because the Resondents' position was substantially justified. ECF No. 23. In the alternative, Respondents maintain that if Petitioner's application is granted, the fees should be capped at the statutory rate of $125.00 per hour. *Id.* For the reasons discussed below, Petitioner's application is denied.

## PROCEDURAL HISTORY

The Court assumes the reader's familiarity with the facts and procedural history in this case, and therefore addresses only those facts and issues which bear directly on the resolution of the application presently before the Court.

Petitioner filed an emergency petition for a writ of habeas corpus on October 3, 2025, arguing – among other things – that the statutory basis for his detention at

the Buffalo Federal Detention Facility was 8 U.S.C. § 1226 rather than § 1225, and that he was therefore entitled to a bond hearing. ECF No. 1 ¶¶ 40–46. A status conference was held on October 8, 2025, and a show cause hearing was scheduled for October 20, 2025. ECF No. 8. That same day, Respondents filed a motion to dismiss the petition, arguing that Petitioner failed to exhaust his administrative remedies, and that his detention was mandatory because he was detained under 8 U.S.C. § 1225(b).

On October 29, 2025, the Court entered an Order with respect to Respondent's motion to dismiss and Petitioner's request for relief that read, in pertinent part:

> After considering the parties' papers and the arguments of counsel, the Court concludes that Petitioner is being detained under 8 U.S.C. 1226(a) . . . . Therefore, Petitioner is entitled to a bond hearing. *See* 8 U.S.C. 1226(a) . . .; 8 C.F.R. 1236.1(d)(1); 8 C.F.R. 1003.19(a) . . . .
>
> For the reasons stated above . . . Respondents' Motion to Dismiss [ECF No. 13] is DENIED and the Emergency Petition for a Writ of Habeas Corpus [ECF No. 1] is GRANTED TO THE EXTENT that Respondents shall conduct a constitutionally adequate bond hearing within fourteen (14) days of the date of this Order . . . . If such bond hearing is not conducted within fourteen (14) days of the date of this Order, Petitioner shall be released from custody. Respondents shall file a status report no later than November 19, 2025, confirming that Petitioner has either been granted a bond hearing within fourteen (14) days or released from custody, in compliance with this Order.

ECF No. 19. In compliance with this Order, a bond hearing was held on November 5, 2025, and Petitioner was ordered released on $8,500 bond. ECF Nos. 20, 21.

On December 4, 2025, counsel for Petitioner filed the instant application for attorney's fees pursuant to the EAJA. ECF No. 22.

## LEGAL STANDARD

The EAJA provides for the award of attorney's fees and other costs and expenses to a prevailing party in an action against the United States, "including proceedings for judicial review of agency action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Under the statute, the party seeking the award of fees has thirty days from the final judgment to "submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney . . . . [and must] allege that the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B).

As the Second Circuit has pointed out, the Supreme Court has construed "substantially justified" to mean "'justified to a degree that could satisfy a reasonable person.'" *Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 81 (2d Cir. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The Supreme Court has also discussed the allocation of the burden of proof for EAJA fee applications:

> . . . . Unlike the § 2412(d)(1)(B) prescriptions on what the applicant must show (his "prevailing party" status and "eligib[ility] to receive an award," and "the amount sought, including an itemized statement" reporting "the actual time expended and the rate at which fees and other expenses were computed"), the required "not substantially justified" allegation imposes no proof burden on the fee applicant. It is, as its text conveys, nothing more than an allegation or pleading requirement. The burden of establishing "that the position of the United States was substantially justified," § 2412(d)(1)(A) indicates and courts uniformly have recognized, must be shouldered by the Government . . . . *See also*

> H.R. Rep. No. 96–1005, at 10 ("[T]he strong deterrents to contesting Government action that currently exis[t] require that the burden of proof rest with the Government.").
>
> Congress did not, however, want the "substantially justified" standard to "be read to raise a presumption that the Government position was not substantially justified simply because it lost the case . . . ." *Ibid.* By allocating the burden of pleading "that the position of the United States was not substantially justified"—and that burden only—to the fee applicant, Congress apparently sought to dispel any assumption that the Government must pay fees each time it loses. Complementarily, the no-substantial-justification-allegation requirement serves to ward off irresponsible litigation, *i.e.*, unreasonable or capricious fee-shifting demands. . . . .

*Scarborough v. Principi*, 541 U.S. 401, 414–15 (2004).

If the Court finds that the position of the United States was not substantially justified, and that there were no special circumstances to make an award unjust, then "[t]he Court must determine if the hours expended and the rates charged are reasonable, and the fee applicant has the burden to establish the reasonableness of both." *Hogan v. Astrue*, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Alnutt v. Cleary*, 27 F. Supp. 2d 395, 399 (W.D.N.Y.1998)).

## DISCUSSION

Here, Respondents do not challenge Petitioner's status as the "prevailing party" or the timeliness of the fees application. Rather, Respondents maintain only that they have met their burden of demonstrating that their position was substantially justified, and that Petitioner's fees request was excessive. ECF No. 23. Because the Court agrees with Respondents that their position in this case was substantially justified, the Court need not reach Respondents' arguments regarding

Petitioner's fees.

Though in reference to a different petitioner, Judge Crawford from the District of Vermont ably summarized the state of the core legal dispute in Petitioner's case as it stood in January 2026, approximately one month *after* Petitioner's fees application was filed:

> [T]he legal dispute in this case—and dozens like it—concerns the application of 8 USC § 1225(b)(2)(A), which requires detention, or 8 U.S.C. § 1226(a), which allows for discretionary release through the bail process. Section 1226(a) authorizes the Secretary of Homeland Security to detain or release noncitizens subject to removal proceedings. In contrast, § 1225(b)(2)(A) requires detention of noncitizens seeking admission who have not been admitted. Which statute applies depends upon how one interprets the phrase "seeking admission."
>
> Most district courts have interpreted the phrase to describe people seeking admission upon arrival at the border or some other port of entry. Under this interpretation, § 1225(b)(2)(A) would not require detention for people already residing within the United States—even if their residence was not legal. Instead, section 1226(a) would govern their case and permit bail as appropriate. A minority of district courts has followed the *Hurtado* decision in holding that a person not legally admitted remains a person "seeking admission" despite years of residence. Research reveals no appellate decision on this issue.

*Lopez v. Trump*, 816 F. Supp. 3d 492, 495 (D. Vt. 2026).

That is, as Judge Crawford pointed out, although by January 2026 most district courts had decided that § 1226 governed the detention of petitioners in circumstances similar to Petitioner's, a minority of courts agreed with Respondents' position that § 1225(b) governed. *Id.* This split in opinion over the statute governing detention persists today in the appellate courts. *Compare Barbosa da Cunha v. Freden,* 175 F.4th 61 (2d Cir. 2026) (§ 1226 governs) *with Buenrostro-Mendez v. Bondi,* 166 F.4th 494 (5th Cir. 2026) (§ 1225 governs).

Therefore, for the purposes of the present motion, the Court concludes that the government has met its burden of showing that its position was "substantially justified." While the Court ultimately adopted the position affirmed by the Second Circuit in *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026) that § 1226 governed Petitioner's detention, other courts reached different conclusions, and there was no authoritative appellate guidance on the issue. Given that the Fifth Circuit has since adopted a position similar to Respondents', the Court declines to find that under the circumstances of the present case Respondents' position was not "'justified to a degree that could satisfy a reasonable person.'" *Ericksson*, 557 F.3d at 81.

CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Petitioner's motion for attorney fees [ECF No. 22] is DENIED. There being no additional motions pending, the Clerk of Court is directed to close this case.

DATED: September 30, 2026
Rochester, New York

HON. MEREDITH A. VACCA
United States District Judge